IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE PHILLIPS,

*Plaintiff*,

v.                                                           Civil No.: 1:26-cv-01228-JRR

HPT CY TRS, INC. *et al.*,

*Defendants*.

MEMORANDUM AND ORDER

Pending before the court is *pro se* Plaintiff George Phillips' Motion to Remand to State Court and Request for Costs and Fees at ECF No. 12 (the "Motion").  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).

I.      Background

Plaintiff, a citizen of North Carolina, initiated this action in the Circuit Court for Howard County, Maryland, on January 22, 2026.  (ECF No. 19-6.)  Following amendment on February 17, 2026, Plaintiff's now-operative First Amended Complaint (ECF No. 4) asserts one claim of negligence against Defendants HPT CY TRS, Inc., and Sonesta International Hotels Corporation ("Sonesta"), both of which have citizenship in Maryland.  (ECF No. 1 ¶¶ 10–13.)  Defendants removed the action to this court on March 26, 2026, on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332.  *Id.* ¶¶ 7–13.  Within 30 days thereafter, Plaintiff filed the instant Motion, arguing that Defendants' removal runs afoul of the forum defendant rule set forth at 28 U.S.C. § 1441(b)(2).  (ECF No. 12.)

Prior to initiation of the present action, Plaintiff (then represented by counsel) initiated a separate action in the Circuit Court for Howard County, Maryland, arising from the same

underlying incident (the "First Action"). *See* Case No. 1:25-cv-03750-JMC. In the First Action, Sonesta also removed the case from the state court on the basis of diversity jurisdiction. (Case No. 25-3750, ECF No. 1.) Defendants represent that after removal of the First Action, Plaintiff's then-counsel contacted defense counsel "to ask for Sonesta's consent to voluntarily dismiss Mr. Phillips' initial case against Sonesta without prejudice." (ECF No. 14-1 ¶ 5.) According to Defendants, Plaintiff's counsel "explained [to defense counsel] during the call that she was not admitted to this Court," and "although her firm has a Baltimore office, none of the attorneys in her network are admitted to this Court, and thus she had no one available who could serve as her local counsel." *Id.* ¶ 6. Because Sonesta had already filed an answer, Plaintiff was unable to dismiss the action without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1).

With regard to Plaintiff's request, defense counsel further provides: "Also, when asked, [Plaintiff's counsel] assured me over the phone that any renewed action against Sonesta would be filed in federal court in Maryland (i.e. this Court)."[1] *Id.* ¶ 8. According to Defendants' opposition, defense counsel believed it important for this action to be brought in this court "because, among other reasons, if Mr. Phillips refiled in state court, Sonesta would have to incur the costs and fees associated with another removal."[2] *Id.* ¶ 9. Defense counsel advised Plaintiff's counsel that Sonesta "would likely agree to the voluntary dismissal under those circumstances," before confirming with his client. *Id.* ¶ 10. After that conversation, defense counsel emailed Plaintiff's counsel as follows:

> Good morning Shereka,
>
> Thank you for speaking with me this morning about this matter.
> Sonesta consents to the Plaintiff voluntarily dismissing his case. We

---

[1] Defendants characterize this as a "commitment." (ECF No. 14-1 ¶ 9.)
[2] Sonesta's position reflects that Defendants always intended to remove any future action to this court, regardless of whether or not Plaintiff purportedly "waived" the forum defendant rule. The court reminds the parties that the forum defendant rule, while waivable, is still the rule, not the exception—as Defendants seem to treat it.

> ask that he dismiss before the Thanksgiving holiday, if possible, as we have an upcoming filling deadline on Friday.
>
> We understand he will likely re-file, the intent being to re-file in federal court in Maryland.
>
> Please also see the attached filing submitted this morning.
>
> Regards,
> Brian

(ECF No. 14-6.)  Following a response, defense counsel then wrote in relevant part: "Can you please also confirm the plaintiff's intent is to re-file in Maryland federal court?" to which Plaintiff's counsel responded, "Yes, if refiled it will be refiled in federal court."  (ECF No. 14-6.) Based on the foregoing, Defendants contend Plaintiff, through his former counsel, entered a binding agreement to waive the forum defendant rule.  (ECF No. 14 at pp. 4–5.)

The stipulation of dismissal filed in the First Action states:

> COMES NOW the Plaintiff and Defendants, by counsel, and moves the Court for a voluntary dismissal, without prejudice, pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii).
>
> WHEREFORE, it is ORDERED that this cause shall be and hereby is voluntarily dismissed as to all matters and is removed from the docket without prejudice.

(Case No. 25-3750, ECF No. 13.)

## II.    Legal Standard

"Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant' to federal court."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)). Removal jurisdiction raises "significant federalism concerns," *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute

and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted). "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

## III.    Analysis

Whether this case should be remanded turns on application of the forum defendant rule. The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), provides that a case that is "otherwise removable solely on the basis of the [diversity of citizenship jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Where there is no dispute that Defendants are citizens of Maryland, Defendants do not appear to challenge that the forum defendant rule would ordinarily apply. Instead, they contend that removal is nonetheless proper because Plaintiff purportedly waived its application.

Courts in this circuit generally agree that the forum defendant rule is a procedural bar that can be waived by a plaintiff. *See, e.g.*, *Mackler v. SME, Inc. USA*, No. 7:24-CV-992-FL, 2025 WL 778164, at *2 (E.D.N.C. Mar. 11, 2025) (discussing same and citing cases); *Hartness v. Love's Travel Stops & Country Stores, Inc.*, No. 9:22-CV-02868-BHH, 2024 WL 6961307, at *2 (D.S.C. June 11, 2024) (discussing same); *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017) (discussing same).

Defendants contend Plaintiff waived the forum defendant rule when his attorney confirmed his intent to refile in federal court.[3]  As Defendants note, a plaintiff may waive the forum defendant rule "through a forum-selection clause in the contracts at issue in plaintiffs' claims."  *Mackler*, 2025 WL 778164, at *3.  *See* ECF No. 14 at p. 4 (citing *Uboh v. United States Equestrian Found.*, 384 F. Supp. 3d 780, 786 (E.D. Ky. 2019)).  Defendants contend that, in exchange for Sonesta's consent to voluntary dismissal of the First Action, Plaintiff (through his former counsel) entered into a binding agreement to refile any action against Sonesta in federal court.[4]  For the reasons that follow, the court does not agree.

Simply put, the court is not persuaded that Sonesta and Plaintiff entered into a binding agreement, including a promise to refile any claim against Sonesta in federal court, based on the exchange between their counsel.[5]  According to Defendants, during the phone conversation, defense counsel "asked" Plaintiff's counsel about whether any renewed action against Sonesta would be filed in federal court.  (ECF No. 14-1 ¶ 8.)  While Defendants contend this was "important," *see id.* ¶ 9, there is no indication that Plaintiff's confirmation in response to a question constituted a binding agreement or that Sonesta's consent was conditioned on same.  This is further confirmed by the email correspondence between counsel, which begins with Sonesta's consent to Plaintiff's voluntary dismissal.  (ECF No. 14-6.)  Only after Plaintiff's counsel secured Sonesta's consent to the voluntary dismissal did defense counsel request, "Can you please also confirm the

---

[3] It bears mention that Sonesta's removal of the First Action to this court similarly ran afoul of the forum defendant rule.  Defendants again assert waiver—urging that Plaintiff waived the rule in the first instance by not moving for remand.  (ECF No. 20-1 at p. 2 n.1.)  Plaintiff dismissed the case prior to remand, so the court is not persuaded Plaintiff waived the forum defendant rule in the First Action as a matter of law.

[4] Defendants assert that, in the First Action, Sonesta's "consent was necessary for such a [voluntary] dismissal, because it had already answered."  (ECF No. 14 at p. 4.)  This is not entirely accurate.  Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss a case by making a request to the court for a court order; this does not require a defendant's consent.  FED. R. CIV. P. 41(a)(2).  Per Rule 41(a)(1)(A), it is correct that Plaintiff could not voluntarily dismiss his case without a court order, after Sonesta answered, except by stipulation of dismissal.

[5] Because the court finds no agreement, it declines to address Plaintiff's remaining arguments and makes no findings as to same.

plaintiff's intent is to re-file in Maryland federal court?" *Id.* A request to confirm Plaintiff's "intent" is not a binding promise—it does not reflect an "intent to be bound." *See 4900 Park Heights Ave. LLC v. Cromwell Retail 1, LLC*, 246 Md. App. 1, 27–28 (2020) (noting "[a]n essential prerequisite to the creation or formation of a contract' is 'a manifestation of mutual assent" and "[m]anifestation of mutual assent includes two issues: (1) intent to be bound, and (2) definiteness of terms") (quoting *Advance Telecom Process v. DSFederal, Inc.*, 224 Md. App. 164, 177 (2015)). And, importantly, as mentioned, nothing in the email exchange suggests it was a condition of Sonesta's consent. While the court appreciates that Defendants may have had a reasonable expectation that Plaintiff would refile in this court, that expectation was not rooted in a binding or enforceable promise.[6]

Notwithstanding the foregoing, the court declines to order "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[E]ven when removal was improper, 'fees should be denied' so long as the removal was 'objectively reasonable.'" *Black v. Mantei & Assocs., Ltd.*, 145 F.4th 528, 534 (4th Cir. 2025) (quoting *Martin*, 546 U.S. at 141). "[T]he removing party has some leeway to be wrong." *Id.* "There is no automatic entitlement to an award of attorney's fees." *Beusterien v. Icon Clinical Rsch., Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013) (quoting *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000)). The decision to award fees under § 1447(c) "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales . . . ." *Martin*, 546 U.S. at 139.

---

[6] While not dispositive, the court agrees with Plaintiff that the absence of any terms or conditions in the stipulation of dismissal similarly does not support that consent was conditioned on an agreement to refile here.

Here, Plaintiff does not identify any costs or expenses he incurred as a result of removal; and the court is satisfied that, upon the facts here, removal was objectively reasonable given that the forum defendant rule is generally understood to be waivable.   The court will therefore deny Plaintiff's request for just costs and expenses pursuant to § 1447(c).

**IV.     Conclusion and Order**

For the foregoing reasons, it is this 7th day of May 2026,

**ORDERED** that the Motion to Remand to State Court and Request for Costs and Fees (ECF No. 12) shall be, and is hereby, **GRANTED in part** and **DENIED in part** as follows: **GRANTED** to the extent it seeks remand of this action; and **DENIED** in all other respects; and further it is

**ORDERED** that this action is **REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case.

/S/

_____
Julie R. Rubin
United States District Judge